IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

7th FLOOR LLC, a Colorado limited liability company, and
KELNHOFER ENTERPRISES 4 LLC, a Colorado limited liability company,

        Plaintiffs,

v.

EVANSTON INSURANCE COMPANY,

        Defendant.

---

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Evanston Insurance Company ("EIC") hereby removes this action from the District Court, City and County of Denver, Colorado, to the United States District Court for the District of Colorado on the ground that there is diversity jurisdiction under 28 U.S.C. § 1332(a). In support of removal, EIC states as follows:

### BACKGROUND

On July 27, 2018, Plaintiffs 7th Floor LLC and Kelnhofer Enterprises 4 LLC ("Plaintiffs") filed a complaint against EIC in the District Court, City and County of Denver, Colorado, which was assigned Case Number 2018cv32783 ("State Court Action"). (*See* State Court Action Complaint and Jury Demand ["Compl."] submitted with this filing.) On July 30, 2018, Plaintiff served Defendant EIC with a copy of a Summons and a copy of the Complaint. (*See* Return of Service Affidavit ["ROS"] submitted with this filing.)

The allegations in the Complaint arise from a claim Plaintiff s made under commercial insurance policy issued by EIC to Plaintiffs ("Policy"). (Compl, ¶¶ 4 and 5.) The Complaint alleges that on July 28, 2016, during the effective period for the insurance policy, a hail storm occurred, causing damage to certain property covered under the Policy. (Id., ¶¶ 4 and 13.) Plaintiffs submitted a claim for damages to EIC relative to the properties on or about June 29, 2016 (Id., ¶¶ 13 and 14.) The Complaint states that in May 2018 there was an appraisal award, and in June 2018, EIC issued payment in the amount of $373,110.53. Id., ¶¶ 26 and 27.) Plaintiffs allege that EIC breached its duty of good faith and fair dealing under the Policy, and unreasonably delayed payment of covered insurance benefits. (Id., ¶¶ 29-36 and 37-43.)

In the Complaint, Plaintiffs have asserted two claims for relief: bad faith breach of insurance contract, and violation of C.R.S. §§ 10-3-1115 and 1116. (Id. ¶¶ ¶¶ 29-36 and 37-43.) Plaintiffs are seeking to recover, including but not limited to, "two-times the amount of all covered benefits unreasonably delayed" and plus reasonable attorney fees...." (Id., WHEREFORE Clause pp. 5-6.)

## GROUNDS FOR REMOVAL

**I.    REMOVAL IS TIMELY**

On July 30, 2018, Defendant EIC was served with a copy of Plaintiffs' Complaint in the civil action (*See* ROS). This Notice of Removal is filed within thirty (30) days after EIC was served with a copy of the Complaint. Removal of this action is therefore timely under 28 U.S.C. § 1446(b)(1).

## II. JURISDICTION EXISTS IN FEDERAL COURT

Pursuant to 28 U.S.C. § 1332, the U.S. District Court for the District of Colorado has jurisdiction because Plaintiffs are limited liability companies (including both Plaintiffs' sole member), who are citizens of the State of Colorado, and EIC, who is a citizen of the State of Illinois with its principal place of business in Illinois, and because the amount in controversy exceeds $75,000.

### A.  Complete Diversity Exists Between the Parties

1. A notice of removal need only plausibly allege facts establishing diversity jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Extrinsic proof of facts establishing diversity jurisdiction may be required only when the plaintiff challenges or the court questions such. *See Id.* Here, Plaintiffs are limited liabilities companies, organized under the laws of the State of Colorado. (Compl. ¶ 1.) Colorado Secretary of State Articles of Incorporation filed by Kelnhofer Enterprises 4, LLC and by 7th Floor LLC, each indicate that they were incorporated in Colorado, and that each limited liability company's member incorporator is Steve Kelnhofer (*See,* Secretary of State filed Articles of Corporation for each Plaintiff, attached as **Ex. A.**) Based on a Commercial Insurance Application signed by Plaintiffs' representative ("Applicant") on October 9, 2013, both Kelhoffer 4, LLC[1] and 7th Floor, LLC each only had one (1) "members and managers", Steve Kelnhofer. (*See,* Commercial Insurance Application attached hereto as **Ex. B.**)  Upon information and belief, Steve Kelnhofer is a resident of, and citizen of the State of Colorado.  This information and belief are based on

---

[1] Plaintiffs Complaint indicates that the name of the limited liability corporation was incorrectly noted as "Kelhoffer 4, LLC", when instead, the correct spelling is "Kelnhofer Enterprises 4, LLC" (Compl. ¶¶ 4 and 5).

the fact that Mr. Kelnhofer owns residential property located at 1165 Corral Valley Road, Colorado Springs, CO.  (*See* El Paso County Assessor records attached as **Ex. C.**)  Mr. Kelnhofer states in his LinkedIn profile that he is the "Owner" of 7th Floor LLC, and is a resident of the "Colorado Springs, Colorado area."  (*See,* LinkedIn listing attached hereto as **Ex. D.**) Mr. Kelnhofer has applied for patents relative to various designs he has developed, including a patent for the design of an herbal vaporizer that indicates Mr. Kelnhofer is from Colorado Springs, CO (*See,* United States Design Patent documentation as **Ex. E.**)  Accordingly, for diversity jurisdiction purposes, Plaintiffs, including the sole member of each Plaintiff, Steve Kelnhofer, are citizens of the state of Colorado.

EIC is an insurance company organized under the laws of the State of Illinois, with its principal place of business in Illinois. (S*ee,* Decl. of Fredric Raeder, attached as **Ex. F**.)

Because the parties are citizens of different states and EIC is neither incorporated in, nor has its principal place of business in the State of Colorado, complete diversity exists and removal is proper. *See* 28 U.S.C. §§ 1332(a)(1), 1332(c)(1), and 1441(b)(2); *see also Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 847 & n.6 (10th Cir. 1988) (direct action proviso in § 1332 does not affect suits brought by insured against own insurer).

      **B.**      **The Amount In Controversy Exceeds $75,000, Exclusive of Interest and Costs**

The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as is required to maintain diversity jurisdiction. *See Dart Cherokee*, 135 S. Ct. at 554 ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

In their Complaint, Plaintiffs allege that EIC has breached its duty of good faith and fair dealing with regard to an insurance policy contract issued, thereby causing Plaintiffs damages, including lost revenue. (Compl. ¶¶ 29-36.) Plaintiffs further allege that EIC unreasonably delayed payment of benefits owed, and violated C.R.S. § 10-3-1115. (Compl. ¶¶ 37-43.)

Should Plaintiffs succeed in their claim under C.R.S. §§ 10-3-1115 and 1116, Plaintiffs seek "two-times the amount of all covered benefits unreasonably delayed" and plus reasonable attorney fees...." (*Id.*, WHEREFORE Clause pp. 6-7.) This Court has interpreted C.R.S. § 10-3-1116 to permit insureds to recover the alleged covered insurance benefit plus double that benefit. *See Rabin v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 863 F. Supp. 2d 1107, 1110 (D. Colo. 2012) (discussing recovery of benefits under C.R.S. § 10-3-1116). As discussed above, Plaintiffs allege in the Complaint that EIC delayed payment of the covered benefit in the amount of $373,110.53. (Id., ¶¶ 27, 29-36 and 37-43.) Plaintiffs also seek attorney's fees, which if Plaintiffs prevail would be appropriately added to this total to determine the amount in controversy. *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).

Finally, Plaintiffs declared on the Colorado Civil Case Cover Sheet that "[a] monetary judgment over $100,000 is sought by any party against any other single party." (*See,* State Court Action Civil Cover Sheet, at p. 1-2, ¶ 3, produced herein with this filing.) A civil case cover sheet is sufficient evidence to satisfy the amount-in-controversy requirement. *See Paros Properties LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016).

Thus, the relief Plaintiffs seek in their Complaint, exclusive of interest and costs, exceeds the $75,000 amount-in-controversy requirement. *See* § 1332(a).

### III. VENUE

The State Court Action is properly removed to the U.S. District Court for the District of Colorado because it is the district and division embracing the City and County of Denver, Colorado, where the State Court Action is pending. *See* 28 U.S.C. §§ 1391, 1441(a).

### IV. PROCESS, PLEADINGS, AND ORDERS SERVED

Pursuant to 28 U.S.C. § 1446(a) and the Court's Electronic Case Filing Procedures, Version 6.1, Section IV, 4.4(b), copies of all process, pleadings, and orders available from the State Court Action as of the date of this Notice of Removal will be filed in ECF. Pursuant to D.C.COLO.LCivR 81.1(b), within 14 days of the filing of this notice, EIC shall file a current docket sheet (register of actions) with the Court.

### V. NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served on Plaintiffs, and a Notice of Filing of Notice of Removal will be filed with the Clerk of the Court in the State Court Action.

### VI. NO WAIVER

No waiver, and no admission of fact, law, or liability, including, without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved. Further, to the extent the Court has any questions regarding the issue of diversity of citizenship between the parties or the amount in controversy, EIC reserves the right to conduct limited discovery on the issue of diversity jurisdiction, as allowed by *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

## **CONCLUSION**

For the reasons set forth above, EIC gives notice that the State Court Action filed in the District Court for the City and County of Denver, Colorado, is hereby removed to the U.S. District Court for the District of Colorado.

Dated: August 29, 2018

Respectfully submitted,

*s/ Jeremy A. Moseley*
Jeremy A. Moseley
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email:   moseley@wtotrial.com

Attorneys for Defendant
Evanston Insurance Company

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on August 29, 2018, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

None

I FURTHER CERTIFY that counsel for Plaintiffs in this action has been served with the foregoing document via U.S. Mail as follows:

Katherine E. Goodrich, Esq.
Furtado Law PC
3773 Cherry Creek North Drive, Suite 755
Denver, CO  80209
*Attorney for Plaintiff*

                                                    *s/ Kelsey Kern on behalf of Jeremy A. Moseley*