| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO**<br>1437 Bannock Street<br>Denver, CO 80202<br><br>**7TH FLOOR LLC**, a Colorado limited liability company, and **KELNHOFER ENTERPRISES 4 LLC**, a Colorado limited liability company,<br><br>    Plaintiffs,<br><br>v.<br><br>**EVANSTON INSURANCE COMPANY**, an Illinois corporation,<br><br>    Defendant. | DATE FILED: July 27, 2018 12:03 PM<br>FILING ID: 35A6767811BDA<br>CASE NUMBER: 2018CV32783<br><br><br><br>^COURT USE ONLY^ |
| *Attorneys for Plaintiff*<br>David J. Furtado, No. 28002<br>Rodney J. Monheit, No. 48919<br>Katherine E. Goodrich, No. 48853<br>FURTADO LAW PC<br>3773 Cherry Creek North Drive, Suite 755<br>Denver, Colorado 80209<br>Tel:  (303) 755-2929<br>Fax: (720) 242-7365<br>E-Mail: dfurtado@furtadolaw.com<br>        rodney@furtadolaw.com<br>        katie@furtadolaw.com | Case No:<br><br>Division: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiffs, 7th Floor LLC and Kelnhofer Enterprises 4 LLC, by and through its attorneys,

FURTADO LAW PC, alleges and avers as follows for its Complaint and Jury Demand:

### I.    PARTIES AND JURISDICTION

1.    Plaintiff is a Colorado limited liability company.

2.      Defendant Evanston Insurance Company is an Illinois corporation.

3.      Defendant is licensed to conduct the business of insurance in Colorado, and at all relevant times hereto was conducting the business of insurance in Colorado.

4.      Defendant issued an insurance policy, Policy Number 1CY0034 (the "Policy") to 7th Floor LLC and "Kelhoffer 4, LLC," for commercial properties located at 1420 to 1460 Aviation Way, Colorado Springs, Colorado 80916; 1323 Paonia Street, Colorado Springs, Colorado 80915; and 6331 and 6335 East Platte Avenue, Colorado Springs, Colorado 80915 (the "Properties").

5.      Kelhoffer 4, LLC is a misspelling of Kelnhofer Enterprises 4, LLC.

6.      The Policy was entered into in Colorado and the torts committed by Defendant described in this Complaint occurred in Colorado.

7.      This Court has personal jurisdiction over Defendant under C.R.S. § 13-1-124(1)(a), (b), or (d).

8.      This Court has subject matter jurisdiction over all claims asserted herein.

9.      Venue is proper in this district under C.R.C.P. 98(c), which Plaintiff designates as the place of trial.

## II.      GENERAL ALLEGATIONS

10.     The Properties are commercial properties.

11.     The roofs consist of built-up-roof membrane finished with gravel.

12.     The Policy provides insurance coverage for the Properties on a replacement cost value basis.

13.     On or about July 28, 2016, during the Policy's effective period, a hail storm damaged portions of the Properties: 1420 to 1460 Aviation Way, Colorado Springs, Colorado 80916 and 6331 East Platte Avenue, Colorado Springs, Colorado 80915 (the "Damaged Properties").

14.     On or about July 29, 2016, Plaintiff notified Evanston Insurance Company of the loss, to which the insurer assigned claim number P039199 (the "Claim").

15.     On information and belief, on or about July 29, 2016, Evanston Insurance Company assigned Tim McDonald as the claim representative for the Claim.

16.     On or about August 5, 2016, Mr. McDonald assigned the Claim to Jeff Taylor of VeriClaim, Inc.

17.     On or about August 5, 2016, Mr. Taylor prepared an estimated scope of damages and prices after inspecting 1420 to 1460 Aviation Way, Colorado Springs, Colorado 80916 and 6331 East Platte Avenue, Colorado Springs, Colorado 80915. The estimated cost to repair damage to the building at 1420 to 1460 Aviation Way was $28,050.64 replacement cost value ("RCV"). That estimate did not include any amounts for damage to siding or other exterior features other than the roofs and did not contemplate a full roof replacement.

18.     At all relevant times, Mr. Taylor and other representatives of VeriClaim, Inc. involved with this claim, acted as agents of Evanston Insurance Company.

19.     On information and belief, at the direction of Mr. McDonald, on or about August 22, 2016, Mr. Taylor requested that Plaintiffs submit a sworn proof of loss associated with the actual cash value ("ACV") payment owing per the August 5, 2016 estimate.

20.     On information and belief, on December 27, 2016 Defendant closed the claim without issuing any ACV payment for either of the Damaged Properties.

21.     On June 21, 2017, Plaintiffs inquired as to the status of the claim.

22.     On or around August 7, 2017, Plaintiffs submitted an estimate of loss. The claim was assigned to Paul Hamnett, Senior Examiner.

23.     On or about October 18, 2017, Plaintiffs demanded appraisal and selected Skeet Tomlin as their appraiser.

24.     On or about November 6, 2017, Defendant named Ray Codgill with Codgill Consulting, LLC as the insurance appraiser.

25.     On or about November 17, 2017, Ray Codgill and Skeet Tomlin selected Roy A. Becker as umpire.

26.     On May 8, 2018, an appraisal award for $530,193.89 RCV ($373,110.53 ACV) was agreed to by Skeet Tomlin and Roy Becker. That award included line items for siding and other exterior damage outside of just the roof and a full roof replacement, among other items not previously considered by Defendant.

27.     Defendant issued payment for $373,110.53 ACV in June 2018.

28.     Defendant is responsible for any and all negligence on the part of its agents who evaluated the loss, prepared repair estimates, issued payments, or made any other claims handling decisions.

### III.     FIRST CLAIM FOR RELIEF
(Bad Faith Breach of an Insurance Contract)

29.     Plaintiff re-alleges each and every allegation of this Complaint and Jury Demand as if fully set forth herein.

4

30.     Under the Policy's implied covenant of good faith and fair dealing, Defendant covenanted that it would deal with Plaintiff fairly and honestly, and do nothing to impair, hinder, or injure its rights to benefits under the Policy.

31.     Through the acts and omissions described above, Defendant breached that covenant, as its conduct fell below the applicable common law and industry standards of care, violated the duties of good faith and fair dealing, and constituted the tort of bad faith breach of an insurance contract.

32.     Defendant's acts and omissions were unreasonable and Defendant knew so.

33.     Defendant's acts and omissions were committed in blatant disregard of Plaintiff's reasonable expectations as an insured under the Policy.

34.     Defendant breached its duty of good faith and fair dealing through the following unreasonable acts, among others: depriving Plaintiff of the benefits purchased through the Policy; misrepresenting pertinent facts and Policy provisions relating to coverages at issue; failing to adopt and implement reasonable standards for the prompt investigation and payment of claims arising under the Policy; refusing to pay the claim under the Policy without conducting a reasonable investigation based upon all available information; refusing to pay undisputed amounts owed under the Policy; and not attempting in good faith to effectuate prompt, fair and equitable settlement of the claim even though liability was reasonably clear.

35.     As a direct and proximate result of Defendant's bad faith breach of the Policy, Plaintiff's business lost revenue.

36.     As a direct and proximate result of Defendant's bad faith breach of the Policy, Plaintiff is entitled to damages in amounts to be proved at trial.

### IV.    SECOND CLAIM FOR RELIEF
(Violation of C.R.S. § 10-3-1115 & Relief Under C.R.S. § 10-3-1116)

37.    Plaintiff re-alleges each and every allegation of this Complaint and Jury Demand as if fully set forth herein.

38.    Section 10-3-1115, C.R.S., forbids insurers such as Defendant from unreasonably delaying and denying payment of a claim for benefits owed to or on behalf of any first-party claimant.

39.    Plaintiff is the named insured under the Policy and is therefore a first-party claimant.

40.    Defendant is an entity engaged in the business of insurance.

41.    On information and belief, Defendant has a company-wide practice of requiring sworn proofs of loss that contain information already received.

42.    Defendant's investigation of the claim was unreasonable as the insurer was provided with all necessary information and had ample opportunity to properly adjust the loss and issue payment for the covered damage in timely fashion but neglected to do so.

43.    By performing cursory and unreasonable investigations, offering payment based on unreasonable and untenable repair methodologies, requiring a sworn proof of loss despite already having all information requested therein, closing the file without issuing an ACV payment, and withholding payment of undisputed sums, Defendant and its agents delayed the payment of covered insurance benefits.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in its favor and against Defendant Evanston Insurance Company and award damages as follows:

a.    For compensatory economic damages as may be proven at trial;

b.      For non-economic damages caused by Defendant's conduct in amounts to be

proven at trial;

c.      For two-times the amount of all covered benefits unreasonably delayed as

permitted by C.R.S. § 10-3-1116(1);

d.      For reasonable attorneys' fees, costs, and expenses incurred by this lawsuit, as

permitted under C.R.S. § 10-3-1116(1);

e.      For all pre- and post-judgment interest, statutory and moratory, as permitted by

law; and

f.      For such other and further relief as the law permits and this Court deems just and

proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted this 27th day of July 2018,

FURTADO LAW PC

*s/Katherine E. Goodrich*
David J. Furtado, Esq.
Rodney J. Monheit, Esq.
Katherine E. Goodrich, Esq.
*Attorneys for Plaintiffs*
*7th Floor LLC and Kelnhoffer Enterprises*
*4 LLC*

**Plaintiff's Address:**
1323 Paonia Street
Colorado Springs, Colorado 80915