IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-02222-RM-STV

7TH FLOOR LLC, and
KELNHOFER ENTERPRISES 4 LLC,

    Plaintiffs,

v.

EVANSTON INSURANCE COMPANY,

    Defendant.

---

**ORDER**

---

This matter is before the Court on Defendant Evanston Insurance Company's ("Evanston") "Motion to Reconsider Order Denying Summary Judgment Based on Colorado Law" (the "Motion") (ECF No. 113). The Order Denying Motion for Summary Judgment (the "Order") (ECF No. 102) was entered by Judge Marcia S. Krieger before this case was transferred to this Court. Evanston claims that the Order needs to be vacated because Judge Krieger misapprehended the facts and controlling law. Plaintiffs 7th Floor LLC and Kelnhofer Enterprises 4 LLC (collectively, "Kelnhofer") have filed a response to the Motion (ECF No. 115) and Evanston has filed a reply (ECF No. 126). For reasons stated herein, the Motion is denied.

"The Federal Rules of Civil Procedure recognize no motion for reconsideration." *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (citation and quotation marks omitted). Nonetheless, "the court retains the power to alter rulings until final judgment is entered on a cause." *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir.

1980) (emphasis added) (citing Fed. R. Civ. P. 54(b)). "'Grounds warranting a . . . motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Such motions may not, however, "merely advance[] new arguments" or provide "supporting facts which were available at the time of the original motion." *Servants of the Paraclete,* 204 F.3d at 1012; *see also Matasantos Comm. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 n.2 (10th Cir. 2001) ("A motion for reconsideration is not, however, an opportunity for the losing party to raise new arguments that could have been presented originally."). "Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of Paraclete*, 204 F.3d at 1012.

In this case, Evanston asserts reconsideration is warranted but fails to show the Court should do so. First, Evanston argues that in denying its motion for summary judgment, Judge Krieger applied the incorrect legal standard in determining that Evanston failed to present evidence showing Kelnhofer made a false representation and did so intentionally for the purpose of misleading Evanston. However, the legal standard applied by Judge Krieger in reaching that conclusion is not materially different from the standard which Evanston argues its claim should have been judged. *Compare Frontier Expl., Inc. v. Am. Nat. Fire Ins. Co.*, 849 P.2d 887, 891 (Colo. App. 1992) ("False representation requires, *inter alia,* an intent to deceive by the one making the representation and justifiable reliance by the one to whom the representation is made.") *with* (ECF No. 102 at 12 ("Evanston must not only show that Kelnhofer made a false

statement of fact, but that it did so intentionally for the purpose of misleading Evanston")). Thus, there was no clear error in the Order with respect to the legal standard applied to Evanston's breach of misrepresentation clause counterclaim.

Second, as explained in the Order, there exists a genuine dispute of material fact concerning whether Kelnhofer knew of the discrepancy between the invoice amount and what it had paid for roof repairs and whether it was intentionally trying to mislead Evanston regarding that discrepancy. Evanston has not come forth with evidence previously unavailable at the time it filed its motion for summary judgment indicating that Kelnhofer knowingly and intentionally made a false representation. Consequently, reconsideration is unwarranted; Evanston's claim for breach of the misrepresentation clause remains a question to be decided by a jury.

Third, Evanston argues that the Order erred in denying its motion for summary judgment on Kelnhofer's bad faith claims. In support of its position, Evanston advances new arguments and presents additional facts which were available at the time of the original motion. These grounds, however, do not warrant reconsideration. The Order denied the motion for summary judgment because Kelnhofer's bad faith claims are predicated on "Kelnhofer's breach of the appraisal and/or misrepresentation clauses." (ECF No. 102 at 13.) And, as noted previously, there exists a genuine dispute of material fact as to the question of whether Kelnhofer breached those clauses. The basis for this Motion was available when the first motion was filed, and this is not the time to advance new arguments that could have been presented originally.

This brings the Court to the fourth, and final, reason for denial of the Motion: it was filed eight months after the Order was issued. Evanston neither explains the delay in filing its Motion nor presents new evidence discovered during the intervening time period which would warrant

reconsideration. Thus, in the interest of fairness and judicial economy, Evanston will not get a second bite at the summary judgment apple. *See Fye v. Oklahoma Corp. Comm'n*, No. CIV.03 1477 C, 2006 WL 2792673, at *2 (W.D. Okla. Sept. 26, 2006), *aff'd*, 516 F.3d 1217 (10th Cir. 2008) (denying a motion for reconsideration of summary judgment where the plaintiff moved for reconsideration based on evidence that was available but not presented at summary judgment because "considerations of fairness and judicial economy clearly outweigh[ed] Plaintiff's interest in getting a second (or third) bite at the summary judgment apple").

Based on the forgoing, it is hereby **ORDERED** that Evanston's "Motion to Reconsider Order Denying Summary Judgment Based on Colorado Law" (ECF No. 113) is **DENIED**.

DATED this 24th day of June, 2021.

                                                BY THE COURT:

                                                RAYMOND P. MOORE
                                                United States District Judge