IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 18-cv-02222-RM-STV

7TH FLOOR LLC, and
KELNHOFER ENTERPRISES 4 LLC,

    Plaintiffs,

v.

EVANSTON INSURANCE COMPANY,

    Defendant.

_____

## ORDER
_____

This matter is before the Court on Plaintiffs' Motion to Compel Defendant to Produce Paul Hamnet [sic] and Tim McDonald, Authorize Remote Trial Testimony, and Request for Expedited Ruling (ECF No. 137). Defendant has filed a response to the Motion (ECF No. 144). For reasons stated herein, the Motion is denied.

In their Motion, Plaintiffs request that the Court order Defendant to produce Mr. Hamnett and Mr. McDonald to testify at trial set to commence on July 19, 2021. Plaintiffs argue that because Defendant listed Mr. Hamnett as a witness it was considering calling at trial in the Final Pretrial Order and has since decided it will not do so, Plaintiffs have been deprived of notice that it will need to proceed independently in securing his testimony. Plaintiffs further argue that because Mr. McDonald is Defendant's former employee, Defendant should be required to facilitate his appearance at trial. The Court is unpersuaded by these arguments.

Examining the Final Pretrial Order reveals that Mr. Hamnett was listed as a witness Defendant *may* call and Mr. McDonald was never disclosed as a potential witness. (ECF No. 108 at 13.) On the other hand, Plaintiffs' witness list included Mr. Hamnett as someone they *will* present at trial and Mr. McDonald as a potential witness. Defendant indicates that because Mr. Hamnett and Mr. McDonald are former employees, Defendant's corporate witness was going to be testifying about the claim adjustment process, and both men reside outside Colorado, it would not be calling them at trial. Under these circumstances, Plaintiffs, not Defendant, bear the responsibility to arrange for Mr. Hamnett or Mr. McDonald to appear to testify or to have secured their testimony during discovery.

As an alternative to appearing at trial, Plaintiffs argue that the Court should permit Mr. Hamnett and Mr. McDonald to testify by contemporaneous transmission. Fed. R. Civ. P. 43(a) permits the Court to allow testimony by contemporaneous transmission to be taken from a different location for "good cause in compelling circumstances and with appropriate safeguards." Plaintiffs have failed to make this showing. The Advisory Committee Notes to Rule 43(a) provide guidance on circumstances which may permit remote testimony. A showing of good cause in compelling circumstances includes "unexpected reasons, such as accident or illness," not merely "that it is inconvenient for the witness to attend the trial." Fed. R. Civ. P. 43(a) Advisory Committee's Note.

Here, the fact that Defendant will not produce Mr. Hamnett and Mr. McDonald to testify is not unexpected. As discussed previously, both men are no longer employed with Defendant and Plaintiffs had reason to expect that Defendant would not call these witnesses based on the Final Pretrial Order. Moreover, Mr. McDonald and Mr. Hamnett are outside this Court's Rule

2

45 subpoena power. Plaintiffs were made aware of the fact that Mr. Hamnett and Mr. McDonald neither reside in Colorado nor within 100 miles of where the trial would take place back in October 2018, providing Plaintiffs with ample notice. Thus, Plaintiffs have not been deprived of sufficient notice that Defendant may not produce Mr. Hamnett and Mr. McDonald at trial.

The Court finally notes that the testimony sought from Mr. Hamnett and Mr. McDonald pertains to the claim adjustment process. Both parties show that this testimony can be obtained from Defendant's corporate witness who has been deposed and will appear at trial.

Based on the forgoing, it is hereby **ORDERED** that Plaintiffs' Motion to Compel Defendant to Produce Paul Hamnet [sic] and Tim McDonald, Authorize Remote Trial Testimony, and Request for Expedited Ruling (ECF No. 137) is **DENIED**.

DATED this 13th day of July, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge